UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT BEENE, et al.,           )
                                )
        Plaintiff,               )
                                )
v.                              )   No. 4:16-CV-00282 JAR
                                )
COMBE INCORPORATED, et al.,      )
                                )
        Defendants.              )

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. No. 4) and Plaintiff's Motion to Remand. (Doc. No. 8) The motions are fully briefed and ready for disposition.[1]

**Background**

This action combines the product liability claims of 22 unrelated Plaintiffs,[2] who allege that they each separately used Just For Men® hair care and dye products and suffered personal injury, namely, various skin reactions. The action was originally filed in the Circuit Court of St.

---

[1] Plaintiffs were granted leave to cite additional authority in support of their motion to remand, namely an Order of Remand issued by District Judge Rodney Sippel on March 24, 2016 in a substantially similar case, Curtis Henderson, et. al. v. Combe Incorporated, et. al., Case No. 4:16-CV-283-RWS, ECF No. 10. Defendants filed a motion for reconsideration in that case which was denied on March 31, 2016. (See id., ECF No. 15) The Court has also considered Defendants' supplemental authority filed in support of their notice of removal and motion to dismiss, In re Zofran Prods. Liab. Litig. ("Simmons"), MDL No. 1:15-MD-2657 FDS, 2016 WL 2349105 (D. Mass. May 4, 2016), and finds it unpersuasive.

[2] Four of the plaintiffs are citizens of Missouri; four are citizens of Kentucky; six are citizens of Louisiana, and eight are citizens of New York. Five other actions with a similar plaintiff breakdown were also removed to this District on March 2, 2016. See Henderson, No. 4:16-cv-00283-RWS; Joseph v. Combe, No. 4:16-cv-00284-RLW; Perkins v. Combe, No. 4:16-cv-00285-HEA; Shaver et al. v. Combe, No. 4:16-cv-286-JAR; and Thomas et al. v. Combe, No. 4:16-cv-00287-RWS. In each case, Plaintiffs filed a motion to remand, which Defendants opposed. Orders of remand have been entered in Henderson and Thomas.

Louis City, Missouri and removed to this Court on March 2, 2016 on the basis of diversity jurisdiction. (Doc. No. 1) Shortly thereafter, Defendants filed a motion to dismiss the claims of the 18 out-of-state Plaintiffs for lack of personal jurisdiction, including the eight New York Plaintiffs who defeat diversity jurisdiction, and dismiss all Plaintiffs for failure to state a claim. Plaintiffs filed a motion to remand which Defendants oppose, arguing that the non-Missouri Plaintiffs are "fraudulently joined" because there is no personal jurisdiction over them. (Doc. No. 10 at 10-12) Defendants contend the Court should decide the issue of personal jurisdiction raised by their motion to dismiss before turning to the issue of subject matter jurisdiction.

It is clearly within the Court's discretion to determine whether to decide issues of personal or subject matter jurisdiction first. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999) (recognizing that where, as here, the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first."). Here, the Court declines to rule on issues of personal jurisdiction first, as the inquiry regarding subject matter jurisdiction is not "arduous." See Curtis Henderson, et. al. v. Combe Incorporated, et. al., Case No. 4:16-CV-283-RWS, ECF No. 10 (E.D. Mo. Mar. 24, 2016) (citing Ruhrgas, 526 U.S. at 587-88).

**Motion to remand**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff

holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

In support of their motion to remand, Plaintiffs argue there is no diversity of citizenship because eight plaintiffs and two defendants share New York citizenship. (Doc. No. 8-1 at 2-3) Defendants oppose remand, arguing the non-Missouri Plaintiffs have been "fraudulently joined" to defeat diversity jurisdiction. (Doc. No. 10 at 10-12) Defendants claim they do not rely upon the doctrine of "fraudulent misjoinder" under In re Prempro Prods. Liab. Litig., 591 F.3d 613 (8th Cir. 2010), but the actual substance of their argument reveals otherwise, as Defendants argue the non-Missouri *plaintiffs* have been joined to defeat diversity jurisdiction. "Fraudulent joinder occurs when a *plaintiff* files a frivolous or illegitimate claim against a *non-diverse defendant* solely to prevent removal," whereas fraudulent misjoinder occurs "when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party … even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." Henderson, ECF No. 15 at 1 (quoting Prempro, 591 F.3d at 620). As Judge Sippel noted, Defendants cannot recast their fraudulent misjoinder argument as one based on fraudulent joinder by virtue of the label they choose to place on it. Thomas, ECF No. 19 at 1 n. 1.

Moreover, even if the Court found that the fraudulent joinder doctrine applied here, Defendants' argument would fail on the merits. Defendants are not asking the Court to evaluate the non-Missouri plaintiffs' claims to determine whether they are viable under substantive state

3

law. Rather, Defendants are challenging the propriety of joining the non-Missouri plaintiffs' claims into a single action by asserting a procedural challenge to personal jurisdiction. This Court has previously rejected "such a contorted theory of fraudulent joinder." See Thomas, 4:16-CV-287 RWS, ECF No. 19 at 1 n. 1 (citing Simmons v. Skechers USA, Inc., No. 4:15-CV-340 CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015)).

The Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. Prempro, 591 at 622. In Prempro, the plaintiffs filed three lawsuits asserting state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. Defendants removed the cases to federal court alleging diversity jurisdiction. The defendants maintained that plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a).

The Eighth Circuit declined to either adopt or reject the fraudulent misjoinder doctrine, holding that "even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Prempro, 591 at 622. In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, i.e., the existence of a link between the HRT drugs and plaintiffs' injuries. Id. at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham'...").

Likewise, in this case, Defendants have not demonstrated that the joinder of non-Missouri citizens with Missouri plaintiffs in this action "borders on a 'sham.' " Prempro, 591 F.3d at 624. As courts in this District have found, the joinder of plaintiffs alleging injury from a single product is not "egregious," because common issues of law and fact connect plaintiffs' claims. See, e.g., T.F. v. Pfizer, Inc., No. 4:12–CV–1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012) (Zoloft®); S.L. v. Pfizer, Inc., No. 4:12–CV–420 (CEJ) (E.D. Mo. Apr. 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, No. 4:10–CV–971 (CDP), 2010 WL 2680308, at *2 (E.D. Mo. July 1, 2010) (Avandia®); Valle v. Ethicon, Inc., No. 4:13–CV–798 (RWS) (E.D. Mo. Apr. 29, 2013) (transvaginal mesh products). Plaintiffs in this case have filed suit against Defendants for injuries caused by the same Just For Men® hair care and dye products and arising out of the same development, distribution, marketing, and sales practices for those products, and common issues of law and fact are likely to arise in the litigation.

**Conclusion**

Plaintiffs' claims are sufficiently related to support joinder in this case, and Defendants have not met their burden of demonstrating diversity of citizenship as required by 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction. Because the Court lacks subject matter jurisdiction over this action, Defendants' pending motion to dismiss will be denied without prejudice as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [4] is **DENIED** without prejudice as moot.


Dated this 26th day of May, 2016.

                                                    */s/ John A. Ross*
                                                    **JOHN A. ROSS**
                                                    **UNITED STATES DISTRICT JUDGE**